

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

---

**NOS. WR-85,375-01; -02; -03; -04**

---

**EX PARTE RAY LYNN WELLS, Applicant**

---

**ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NOS. 23707A; 24043A; 24044A; 23706A IN THE 91st DISTRICT COURT
FROM EASTLAND COUNTY**

---

*Per curiam. Alcala, J., filed a concurring opinion.*

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of theft, tampering with evidence, delivery of a controlled substance, and violation of the motor fuel tax requirement. He was sentenced to, respectively, two years', twenty years', twenty-five years' and ten years' imprisonment. He did not appeal his convictions.

Applicant contends that his trial counsel rendered ineffective assistance because he:

A. Failed to adequately consult with Applicant prior to trial;

B. Failed to provide Applicant with a defense strategy that "could have given

Applicant a greater chance to view evidence, and prepare for the trial process";

C. "[A]ssailed Applicant to simply plea out to (25) twenty five years confinement";

D. Forced Applicant to "plea immediately on the day of sentencing";

E. Failed to conduct an independent investigation and only relied on the State's file;

F. Instructed Applicant to remain silent "in fear of losing plea agreement during the sentencing phase"; and

G. Rendered Applicant's plea involuntary.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues.

The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: September 21, 2016
Do not publish